PER CURIAM.
We have for consideration the biennial report of proposed amendments filed by The Florida Bar’s Appellate Court Rules Committee (Committee). We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c).
The Committee proposes amendments to Florida Rules of Appellate Procedure 9.020, 9.040, 9.120, 9.140, 9.180, 9.190, 9.330, 9.370, 9.440, and 9.800. Pursuant to Florida Rule of Judicial Administration 2.130(c)(2), the proposed changes were submitted to the Board of Governors of The Florida Bar, which recommended approval with the exception of proposed new rule 9.140(d). The Committee addressed the Board’s concerns and amended proposed rule 9.140(d) before its proposal was submitted to this Court. The Committee’s proposals were published pursuant to Florida Rule of Judicial Administration 2.130(c)(5), and two comments were received. After reviewing the Committee’s proposals and the comments received and hearing oral argument, we adopt the Committee’s proposed amendments, with the noted exceptions, as discussed below. Purely editorial amendments are not discussed.
Rule 9.020 (Definitions), subdivision (h) (Rendition (of an Order)) is amended as proposed by the Committee to replace the reference to Florida Family Law Rule of Procedure 12.492 with a reference to Florida Family Law Rule of Procedure 12.491.
Rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal), subdivision (f) (Briefs on Merits) is amended as proposed by the Committee to require a petitioner seeking discretionary review in this Court to include, with the brief on the merits, an appendix containing a conformed copy of the decision of the district court of appeal. This amendment to the rule is in accord with the actual practice in this Court.
We next address amendments to rule 9.140 (Appeal Proceedings in Criminal Cases). In accordance with the Committee’s proposal, rule 9.140, subdivision (b)(5) (Withdrawal of Defense Counsel after Judgment and Sentence) is deleted and a new subdivision (d) (Withdrawal of Defense Counsel after Judgment and Sentence or After Appeal by State) is adopted. This new subdivision addresses both defense and state appeals, and was proposed in response to the Second District Court of Appeal’s decision in State v. White, 742 So.2d 374 (Fla. 2d DCA 1999).
In White, the Second District observed that “neither the applicable statutes nor the rules of procedure are well written to address the issue of substitution of counsel in a case in which an indigent defendant is the appellee.” Id. at 375. As the Committee explained:
*889 In cases in which the state takes an appeal, and the defendant was represented by counsel, there was no clear provision in this rule for continued appellate representation. As White points out, problems resulting from this deficiency in the rule are particularly common when the court has appointed private counsel for an indigent defendant for the trial proceedings. In many eases, defendants have not been afforded representation for the state appeal proceedings.
However, in response to concerns expressed when the rule was submitted to the Board of Governors that the rule as initially proposed might force an attorney to represent a defendant on appeal, contrary to his or her contract or retainer, or wishes, the Committee proposed subdivision (E) and explained:
(E) makes clear that, in publicly-funded cases, public defenders and private counsel appointed to handle indigent cases at the trial level retain specified responsibilities to insure representation of defendants for their appeal or the state’s appeal. It also specifies that retained trial defense counsel may withdraw from representation of a defendant seeking to appeal, or in the event of a state appeal, but requires that the attorney file a motion to withdraw in the appellate court with service on the defendant, stating what the defendant’s plans for representation are for the appeal, or may be, if any. This is a new requirement in the rule, but parallels the procedure set forth in the White case. The committee felt it would not impose too great a burden on retained defense counsel.
With these provisos, we approve the amendments to this rule, which are intended to ensure that indigent defendants are afforded continued representation after the conclusion of trial court proceedings when the State files an appeal.
Next, we amend rule 9.180 (Appeal Proceedings to Review Workers’ Compensation Cases), subdivision (c)(3) (Relinquishment of Jurisdiction by Court to Consider Settlement) as proposed by the Committee to conform to chapter 2001-91, section 17, Laws of Florida, which eliminated the requirement that a Judge of Compensation Claims approve the entirety of a settlement if the claimant is represented by counsel.
The next amendment is to rule 9.330, which governs motions for rehearing. This amendment was proposed in response to the Court’s appointed committee’s report on Per Curiam Affirmances. The Committee proposes amending subdivision (a) to allow a litigant to request, as part of a motion for rehearing, that a district court of appeal issue an opinion in a case where that court has issued a decision without opinion. A new Committee Note explains that the addition to subdivision (a) is not a limitation on the right to seek rehearing on other grounds. The note provides in full:
2002 Amendment. The addition of the language at the end of subdivision (a) allows a party to request the court to issue a written opinion that would allow review to the supreme court, if the initial decision is issued without opinion. This language is not intended to restrict the ability of parties to seek rehearing or clarification of such decisions on other grounds.
The rule also requires that a request “shall include” the following statement signed by the attorney for the party:
I express a belief, based upon a reasoned and studied professional judgment, that a written opinion will provide a legitimate basis for supreme court review because (state with specificity the reasons why the supreme court would be *890 likely to grant review if an opinion were •written).
This requirement is similar to rule 9.381, which governs motions for rehearing en banc. However, as attorney Gregory Phi-lo points out in his comments, rule 9.331 limits the requirement of the statement accompanying the request to motions filed by attorneys. Mr. Philo suggests that a similar limitation be included in this amendment. We agree with this suggested limitation, as did the Chair of the Appellate Court Rules Committee at oral argument. Thus, rule 9.330(a) is amended as proposed by the Committee to allow a litigant to request, as part of a motion for rehearing, that a district court of appeal issue an opinion in a case where that court has issued a decision without opinion. However, we have added language to make it clear that only those requests filed by attorneys must include the signed statement set forth in the rule.
We also adopt the Committee’s proposal to amend rule 9.330(d) to expressly provide that the Court will not entertain motions for rehearing addressed to the dismissal of a petition for an extraordinary writ when that writ is used to seek review of a district court of appeal decision without an opinion. This is in accord with our opinion in Grate v. State, 750 So.2d 625 (Fla.1999).
We next note that there are substantial amendments to the rule governing the filing of briefs by amici curiae, rule 9.370, and we amend the rule as proposed by the Committee. In this regard, we retain the language that appears in rule 9.370, which also appeared in the predecessor rule, that the brief may be filed only “by leave of court or by consent of all parties,” provided that the brief otherwise is in compliance with the time requirements and page limitations of the rule. We are aware that despite the alternative language of the rule, courts do exercise their own inherent authority to decide if the brief should be permitted. The comments of the Florida Home Builders Association request that we clarify whether this rule authorizes the filing of an amicus brief solely on the written consent of all parties, or whether the rule always requires leave of court. Because the Committee has advised that it did not consider this precise issue when considering the revision of the rule, and in light of the concerns brought to light by the comments filed, we request that the Committee study this matter further and make recommendations to the Court on this issue after receiving input from all of the appellate courts as to their practice and policy.
In accordance with the Committee’s proposal, rule 9.440 (Attorneys), subdivision (a) (Foreign Attorneys) is amended to make it consistent with Florida Rule of Judicial Administration 2.061 and subdivision (b) (Withdrawal of Attorneys) is amended to make it consistent with Florida Rule of Judicial Administration 2.060(f) (Withdrawal of Attorney).
Finally, rule 9.800 (Uniform Citation System), subdivision (i) (Florida Rules) is amended as proposed by the Committee to change the form for citation to the Rules Relating to Admissions to the Bar because the rules are no longer grouped by articles due to the 1997 rule change. However, we decline to adopt the Committee’s proposal to amend subdivision (n) (Other Citations) to allow practitioners to use the ALWD Citation Manual, in addition to The Blue-book, as a default reference. We conclude that uniformity in reporting is more important to the appellate courts, and ultimately to the public, than allowing practitioners the flexibility of using multiple citation manuals to reference sources. Although we appreciate that there may be reasons that individuals prefer one citation system over another, we conclude that those rea *891 sons do not justify amending the rule to allow alternative systems of citation. If at some point the Committee concludes that another citation system is superior we certainly would be willing to consider that proposal. However, we decline to adopt multiple systems of citation at this time.
We accordingly amend the Rules of Appellate Procedure as discussed above and as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Committee Notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2003, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., concur.

APPENDIX

RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes;
(2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.
(b) Clerk. The person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court. The supreme court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c), including the chief justice of the supreme court and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.
(d) Family Law Matter. A matter governed by the Florida Family Law Rules of Procedure.
(e) Lower Tribunal. The court, agency, officer, board, commission, judge of compensation claims, or body whose order is to be reviewed.
(O Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.
(g) Parties.
(1) Appellant. A party who seeks to invoke the appeal jurisdiction of a court.
(2) Appellee. Every party in the proceeding in the lower tribunal other than an appellant.
(3) Petitioner. A party who seeks an order under rule 9.100 or rule 9.120.
(4) Respondent. Every other party in a proceeding brought by a petitioner.
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for clarification, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence *892 or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(1), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 42;492 12.491, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
Committee Notes
1977 Amendment. This rule supersedes former rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise in which the context of the rule requires a different meaning for a defined term, but these should be rare.
The term “administrative action” is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, chapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with article VIII, section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
The term “clerk” retains the substance of the term “clerk” defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal if no person is specifically and officially given that duty.
The term “court” retains the substance of the term “court” defined in the former rules, but has been modified to recognize the authority delegated to the chief justice of the supreme court and the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. If supreme court review of a district court of appeal decision is involved, the district court of appeal is the “lower tribunal.”
*893 The term “lower tribunal” includes courts and administrative agencies. It replaces the terms “commission,” “board,” and “lower court” defined in the former rules.
The term “order” has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in Employers’ Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla.1976). It was intended that this rule encourage the entry of written orders in every case.
The terms “appellant,” “appellee,” “petitioner,” and “respondent” have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term “appellee” has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as section 924.03, Florida Statutes (1975). It should be noted that if a certiorari proceeding is specifically governed by a rule that only refers to “appellant” and “appellee,” a “petitioner” and “respondent” should proceed as if they were “appellant” and “appellee,” respectively. For example, certiorari proceedings in the supreme court involving the Public Service Commission and Industrial Relations Commission are specifically governed by rule 9.110 even though that rule only refers to “appellant” and “appellee.” The parties in such a certiorari proceeding remain designated as “petitioner” and “respondent,” because as a matter of substantive law the party invoking the court’s jurisdiction is seeking a writ of certiorari. The same is true of rule 9.200 governing the record in such certiorari proceedings.
The term “rendition” has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions that postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, if the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
The definition of “legal holiday” has been eliminated but its substance has been retained in rule 9.420(e).
The term “bond” is defined in rule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have then-ordinary meanings in accordance with the context of these rules.
1992 Amendment. Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.
Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.
Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of “rendition.” Although rendition is postponed in most types of cases by the filing of timely and authorized post- *894 judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See In Re Interest of E. P., 544 So.2d 1000 (Fla.1989). The subdivision also has been revised to make explicit a qualification of long standing in the deci-sional law, that rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an “authorized” motion, and whether any of the listed motions is an “authorized” motion depends on the rules of procedure governing the proceeding in which the final order is entered. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied 494 So.2d 1153.
Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
Ideally, all post-judgment motions should be disposed of at the same time. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla.1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.
Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345 (Fla.1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order may remain pending at the time.
Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 *895 (Fla.1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed.
1996 Amendment. Subdivision (a) was amended to reflect the current state of the law. When the term “administrative action” is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.
Addition of language in subdivision (i) is intended to toll the time for the filing of a notice of appeal until the resolution of a timely filed motion to vacate when an order has been entered based on the recommendation of a hearing officer in a family law matter. Under the prior rules, a motion to vacate was not an authorized motion to toll the time for the filing of an appeal, and too often the motion to vacate could not be heard within 30 days of the rendition of the order. This rule change permits the lower tribunal to complete its review prior to the time an appeal must be filed.
2000 Amendment. The text of subdivision (i) was moved into the main body of subdivision (h) to retain consistency in the definitional portions of the rule.
Court Commentary
1996 Amendment. Subdivision (h) was amended to ensure that a motion to correct sentence or order of probation and a motion to withdraw the plea after sentencing would postpone rendition. Subdivision (h)(3) was amended to explain that such a motion is not waived by an appeal from a judgment of guilt.
RULE 9.040. GENERAL PROVISIONS
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum.
(1) If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(2) After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise renewable non-final orders is as follows:
(A) After rendition of an order transferring venue, the appropriate court to review the non-final venue order, all other renewable non-final orders rendered prior to or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of venue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court which that would review non-final orders in the cause, had venue not been transferred.
(B) After rendition of an order transferring venue, the appropriate court to review any subsequently rendered reviewable non-final order, except for those orders listed in subdivision (b)(2)(A), is the court which would review the order, if the cause had been filed in the lower tribunal to which venue was transferred.
(C) The clerk of the lower tribunal whose order is being reviewed shall perform the procedures required by these *896 provisions regarding transfer of venue, including accepting and filing a notice of appeal. If necessary to facilitate non-final review, after an order transferring venue has been rendered, the clerk of the lower tribunal shall copy and retain such portions of the record as are necessary for review of the non-final order. If the file of the cause has been transferred to the transferee tribunal before the notice of appeal is filed in the transferring tribunal, the clerk of the transferee tribunal shall copy and transmit to the transferring tribunal such portions of the record as are necessary for review of the non-final order.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks’ Duties. On filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court under rule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.
Committee Notes
1977 Amendment. This rule sets forth several miscellaneous matters of general applicability.
Subdivision (a) is derived from the last sentence of former rule 2.1(a)(5)(a), which concerned direct appeals to the supreme court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
Subdivisions (b) and (c) implement article V, section 2(a), Florida Constitution. Former rule 2.1(a)(5)(d) authorized transfer if an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The advisory committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a case will not be dismissed automatically because a party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as *897 though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), in which a petition for a common law writ of certiora-ri was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla.1959), in which a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Subdivision (d) is the appellate procedure counterpart of the harmless error statute, section 59.041, Florida Statutes (1975). It incorporates the concept contained in former rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, if it would not result in irremediable prejudice.
Subdivision (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. If less than the entire record as defined in rule 9.200(a)(1) is to be filed, rule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under rule 9.140(d). As explained in the commentary accompanying those provisions, such a statement does not have the same legal effect as an assignment of error under the former rules.
Subdivision (f) permits payment of filing fees by check or money order and carries forward the substance of former rule 3.2(a), which allowed payments in cash.
Subdivision (g) is derived from former rules 3.2(a) and 3.2(e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within 5 days. The advisory committee was of the view that no reason existed for any delays. The term “forthwith” should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice if review of a final trial court order in a civil case is sought. When supreme court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the court along with the notice and fees.
Subdivision (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions if there is a failure to timely file fees or copies of the notice or petition.
The advisory committee considered and rejected as too difficult to implement a proposal of the bar committee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the advisory committee have *898 been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The advisory committee has recommended that its existence be continued by the supreme court.
1980 Amendment. Subdivision (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies, and appendices in all cases certified to the supreme court under rule 9.030(a)(2)(B) or otherwise certified under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi).
1992 Amendment. Subdivision (h) was amended to provide that the failure to attach conformed copies of the order or orders designated in a notice of appeal as is now required by rules 9.110(d), 9.130(c), and 9.160(c) would not be a jurisdictional defect, but could be the basis of appropriate sanction by the court if the conformed copies were not included with the notice of appeal.
2000 Amendment. In the event non-final or interlocutory review of a reviewable, non-final order is sought, new subdivision 9.040(b)(2) specifies which court should review such order, after rendition of an order transferring venue to another lower tribunal outside the appellate district of the transferor lower tribunal. It is intended to change and clarify the rules announced in Vasilinda v. Lozano, 631 So.2d 1082 (Fla.1994), and Cottingham v. State, 672 So.2d 28 (Fla.1996). The subdivision makes the time a venue order is rendered the critical factor in determining which court should review such non-final orders, rather than the time fees are paid, or the time the file is received by the transferee lower tribunal, and it applies equally to civil as well as criminal cases. If review is sought of the order transferring venue, as well as other reviewable non-final orders rendered before the change of venue order is rendered, or ones rendered simultaneously with it, review should be by the court that reviews such orders from the transferring lower tribunal. If review is sought of reviewable, non-final orders rendered after the time the venue order is rendered, review should be by the court that reviews such orders from the transferee lower tribunal. The only exceptions are for review of orders staying or vacating the transfer of venue order, or an order dismissing the cause for failure to pay fees, which should be reviewed by the court that reviews orders from the transferring lower tribunal. This paragraph is not intended to apply to review of reviewable non-final orders, for which non-final or interlocutory review is not timely sought or perfected.
RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL
(a) Applicability. This rule applies to those proceedings that invoke the discretionary jurisdiction of the supreme court described in rule 9.030(a)(2)(A).
(b) Commencement. The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice shall be substantially in the form prescribed by rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of *899 the order to be reviewed and the basis for invoking the jurisdiction of the court.
(d) Briefs on Jurisdiction. Petitioner’s brief, limited solely to the issue of the supreme court’s jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent’s brief on jurisdiction shall be served within 20 days after service of petitioner’s brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rules 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications by the district courts to the supreme court), no briefs on jurisdiction shall be filed.
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the supreme court accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the court, the clerk shall transmit the record.
(f) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits, accompanied by an appendix that must include a conformed copy of the decision of the district court of appeal. Additional briefs shall be served as prescribed by rule 9.210.
Committee Notes
1977 Amendment. This rule replaces former rule 4.5(c) and governs all certiora-ri proceedings to review final decisions of the district courts. Certiorari proceedings to review interlocutory orders of the district courts if supreme court jurisdiction exists under article V, section 8(b)(3), Florida Constitution are governed by rule 9.100.
Subdivision (b) sets forth the manner in which certiorari proceedings in the supreme court are to be commenced. Petitions for the writ are abolished and replaced by a simple notice to be followed by briefs. Two copies of the notice, which must substantially comply with the form approved by the supreme court, are to be filed with the clerk of the district court within 30 days of rendition along with the requisite fees. Failure to timely file the fees is not jurisdictional.
Subdivision (c) sets forth the contents of the notice. The requirement that the notice state the date of rendition, as defined in rule 9.020, is intended to permit the clerk of the court to determine timeliness from the face of the notice. The statement of the basis for jurisdiction should be a concise reference to whether the order sought to be reviewed (1) conflicts with other Florida appellate decisions; (2) affects a class of constitutional or state officers; or (3) involves a question of great public interest certified by the district court.
Subdivision (d) establishes the time for filing jurisdictional briefs and prescribes their content. If supreme court jurisdiction is based on certification of a question of great public interest, no jurisdictional briefs are permitted. Briefs on the merits in such cases are to be prepared in the same manner as in other cases. Briefs on the merits are to be served within the time provided after the court has ruled that it will accept jurisdiction or has ruled that it will postpone decision on jurisdiction.
The jurisdictional brief should be a short, concise statement of the grounds for invoking jurisdiction and the necessary facts. It is not appropriate to argue the merits of the substantive issues involved in the case or discuss any matters not relevant to the threshold jurisdictional issue. The petitioner may wish to include a very *900 short statement of why the supreme court should exercise its discretion and entertain the case on the merits if it finds it does have certiorari jurisdiction. An appendix must be filed containing a conformed copy of the decision of the district court. If the decision of the district court was without opinion, or otherwise does not set forth the basis of decision with sufficient clarity to enable the supreme court to determine whether grounds for jurisdiction exist, a conformed copy of the order of the trial court should also be included in the appendix.
Subdivisions (e) and (f) provide that within 60 days of the date of the order accepting jurisdiction, or postponing decision on jurisdiction, the clerk of the district court must transmit the record to the court. The petitioner has 20 days from the date of the order to serve the initial brief on the merits. Other briefs may then be served in accordance with rule 9.210. Briefs that are served must be filed in accordance with rule 9.420.
It should be noted that the automatic stay provided by former rule 4.5(e)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under rule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under rule 9.310(e) unless the mandate issues or the district court vacates it. The advisory committee was of the view that the district courts should permit such stays only when essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the supreme court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted, and the remediable quality of any such harm.
1980 Amendment. The rule has been amended to reflect the 1980 revisions to article V, section 3, Florida Constitution creating the additional categories of certifications by the district courts to the supreme court enumerated in rule 9.030(a)(2)(A).
District court decisions that (a) expressly declare valid a state statute, (b) expressly construe a provision of the state or federal constitution, (c) expressly affect a class of constitutional or state officers, (d) expressly and directly conflict with a decision of another district court or the supreme court on the same point of law, (e) pass upon a question certified to be of great public importance, or (f) are certified to be in direct conflict with decisions of other district courts, are reviewed according to the procedures set forth in this rule. No jurisdictional briefs are permitted if jurisdiction is based on certification of a question of great public importance or certification that the decision is in direct conflict with a decision of another district court.
The mandatory appendix must contain a copy of the district court decision sought to be reviewed and should be prepared in accordance with rule 9.220.
Supreme court review of trial court orders and judgments certified by the district court under rule 9.030(a)(2)(B) is governed by the procedures set forth in rule 9.125.
Reply briefs from petitioners are prohibited, and the court will decide whether to accept the case for review solely on the basis of petitioner’s initial and respondent’s responsive jurisdictional briefs.
1992 Amendment. Subdivision (d) was amended to provide that jurisdictional briefs must conform to the same requirements set forth in rule 9.210.
*901 RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) a final order withholding adjudication after a finding of guilt;
(C) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853;
(E) an unlawful or illegal sentence;
(F) a sentence, if the appeal is required or permitted by general law; or
(G) as otherwise provided by general law.
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a.the lower tribunal’s lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.
(B) Record.
(i) Except for appeals under subdivision (b)(2)(A) of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
a. all indictments, informa-tions, affidavits of violation of probation or community control, and other charging documents;
b. the plea and sentencing hearing transcripts;
c. any written plea agreements;
d. any judgments, sentences, scoresheets, motions, and orders to correct or modify sentences, orders imposing, modifying, or revoking probation or community control, orders assessing costs, fees, fines, or restitution against the defendant, and any other documents relating to sentencing;
e. any motion to withdraw plea and order thereon;
f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the court reporter.
(ii) Upon good cause shown, the court, or the lower tribunal before the record is transmitted, may expand the record.
(3)Commencement. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribu *902 nal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence. Copies shall be served on the state attorney and attorney general.
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state’s notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(5)-'Withdrawal of Defense Counsel after-J-udgment-emd Sentence. The-atto-r-ney-of-reeo-rd-for-a defendant in a criminal-proceeding shall not--be — relieved of any professional duties, or be permitted to withdraw -as counsel of record, except with approval' of the lower ■ tribunal -on-good cause shown on written motion, until after
(A)the following-daave been com-pleted4
(i-)- The notice of appeal has been Sed,
(ii) -The-s-tatement of judicial-acts to be reviewed has been-filed, if a- transcript-w&hrequire-the expenditure of public-funds,
(iii) Directions-to the -c-lerk-have been-filedyaf necessary,
(iv) A-designation of that portion of the reporter’s transcript necessary — to support the statement of judicial acts-to-be reviewed-has been filed — ü-a transcript will require expenditure of public funds.
(v) Substitute - counsel has.been obtained or appointed-or-a statement-dias been filed with the appellate court that-the appellant has exercised the right to self-representation. — In publicly-funded cases, the ■ public defender for — the local-circuit court shall initially be appointed until-4he record.is.transmitted — to the appellate court.
Or
(B)the time has expired for the filing of-notice of -appeal, and no such notice has -been filed.
Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the-limited purpose-of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pen-dency of tho direct — appeal pursuant to Florida — Rule—of—Criminal—Procedure 3.800(b)(2),
(66) Procedure in Death Penalty Appeals.
(A) When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(B) After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant’s brief is served, and the defendant 30 days from the date the state’s brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.850 or 3.853, and on resentencing matters, the schedules set forth in subdivision (fg) of this rule will control. In addition to filing paper copies of transcripts, the court reporter shall file with the clerk of the lower tribunal, on clearly labeled computer disks in a format approved by the supreme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the disks in the record transmitted to the court and to the parties.
(C) If any brief is delinquent, an order to show cause may issue under Flor *903 ida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(D) Oral argument mil be scheduled after the filing of the defendant’s reply brief.
(E) In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal’s order on the defendant’s application for relief under Florida Rule of Criminal Procedure 3.850.
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A) dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release;
(B) suppressing before trial confessions, admissions, or evidence obtained by search and seizure;
(C) granting a new trial;
(D) arresting judgment;
(E) granting a motion for judgment of acquittal after a jury verdict;
(F) discharging a defendant under Florida Rule of Criminal Procedure 3.191;
(G) discharging a prisoner on habe-as corpus;
(H) finding a defendant incompetent or insane;
(I) granting relief under Florida Rule of Criminal Procedure 3.853;
(J) ruling on a question of law if a convicted defendant appeals the judgment of conviction;
(K) imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines;
(L) imposing a sentence outside the range recommended by the sentencing guidelines;
(M) denying restitution; or
(N) as otherwise provided by general law for final orders.
(2) Non-Final Orders. . The state as provided by general law may appeal to the circuit court non-final orders rendered in the county court.
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(l)(I), the state’s notice of cross-appeal shall be filed within 10 days of service of defendant’s notice or service of an order on a motion pursuant to rule 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(d) Withdrawal of Defense Counsel after Judgment and Sentence or After Appeal by State.
(1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
*904 (A) a notice of appeal or cross-appeal has been Sled on behalf of the defendant or the state;
(B) a statement of judicial acts to be reviewed has been filed if a transcript will require the expenditure of public funds;
(C) the defendant’s directions to the clerk have been filed, if necessary;
(D) designations to the court reporter have been filed for transcripts of those portions of the proceedings necessary to support the issues on appeal or, if transcripts will require the expenditure of public funds for the defendant, of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed; and
(E) in publicly funded defense and state appeals, the lower tribunal has appointed the public defender for the local circuit court, who shall initially remain counsel for the appeal until the record is transmitted to the appellate court. In publicly funded state appeals, defense counsel shall additionally file in the appellate court a copy of the order appointing the local public defender. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the appellate court, or defense counsel of record shall file a motion to withdraw in the appellate court, with service on the defendant, that states what the defendant’s legal representation on appeal, if any, is expected to be. Documents filed in the appellate court shall be served on the attorney general (or state attorney in appeals to the circuit court).
(2) Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(de) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
(ef) Record.
(1) Service. The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal.
(2) Transcripts.
(A) If a defendant’s designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issue raised.
(B) Either party may file motions in the lower tribunal to reduce or expand the transcripts.
(C) Except as permitted in subdivision (ef)(2)(D) of this rule, the parties shall designate the court reporter to file with the clerk of the lower tribunal the original transcripts for the court and sufficient copies for the state and all indigent defendants.
(D) Non-indigent defendants represented by counsel may designate the court reporter to prepare only original transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the original transcripts from the court reporter, file the original transcripts along with securely *905 bound copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy certifying that it is an accurate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original transcript for use as needed by the state in any collateral proceedings and shall not destroy the transcripts without the consent of the Office of the Attorney General.
(E) In state appeals, the state shall designate the court reporter to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendants. Alternatively, the state may elect to use the procedure specified in subdivision (e/)(2)(D) of this rule.
(F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the court reporter to prepare the necessary copies of the original transcripts.
(3) Retention of Documents. Unless otherwise ordered by the court, the clerk of the lower tribunal shall retain all original documents except the original transcripts designated for appeal which shall be included in the record transmitted to the court.
(4) Service of Copies. The clerk of the lower tribunal shall serve copies of the record to the court, attorney general (or state attorney in appeals to circuit court), and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all non-indigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.
(5) Return of Record. Except in death penalty eases, the court shall return the record to the lower tribunal after final disposition of the appeal.
(6) Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(A) The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall transmit the supplement to the appellate court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.
(B) If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the appellate court. The procedure for this supplementation shall be in accordance with Florida Rule of Appellate Procedure 9.140(e)this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the court reporter shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.
*906 (%) Briefs. Initial briefs shall be served within 30 days of service of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.210.
(gh) Post-Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant’s own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court on motion.
(hi) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In death penalty cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
Committee Notes
1977 Amendment. This rule represents a substantial revision of the procedure in criminal appeals.
Subdivision (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law that are identified and controlled by this rule.
Subdivision (b)(1) lists the only matters that may be appealed by a criminal defendant, and it is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the supreme court’s jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla.1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subdivision (b)(2) replaces former rule 6.2. Specific reference is made to rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice, however, must be served on both the state attorney and the attorney general. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The advisory committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the “gap period” that occurs when sentencing is post *907 poned more than 30 days after entry of judgment. The advisory committee concluded that no purpose was served by such an interpretation because the full case would be reviewable when the “gap” closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available if re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense before sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the supreme court for review. See § 921.141(4), Fla. Stat. (1975); Fla. R.App. P. 9.040(b).
Subdivision (b)(3) governs the service of briefs. Fifing should be made in accordance with rule 9.420.
Subdivision (c)(1) fists the only matters that may be appealed by the state, but it is not intended to affect the jurisdiction of the supreme court to entertain by certiora-ri interlocutory appeals governed by rule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla.1972). No provision of this rule is intended to conflict with a defendant’s constitutional right not to be placed twice in jeopardy, and it should be interpreted accordingly. If there is an appeal under item (A), a motion for a stay of the lower tribunal proceeding should be liberally granted in cases in which there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal were reversed, such as in cases involving the so-called “single transaction rule.” Item (E) refers to the popularly known “speedy trial rule,” and items (F), (G), and (H) track the balance of state appellate rights in section 924.07, Florida Statutes (1975).
Subdivision (c)(2) parallels subdivision (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for fifing the notice. An appeal by the state stays further proceedings in the lower tribunal only if an order has been entered by the trial court.
Subdivision (c)(3) governs the service of briefs.
Subdivision (d) applies rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, section 28.24(13), Florida Statutes (1975), as *908 amended by chapter 77-284, § 1, Laws of Florida, prescribes a cost of $1 per page.
To conserve the public treasury, appeals by indigent defendants, and other criminal defendants in cases in which a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, if the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite to enable the opposing party to make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under rule 9.200(f) if a party asserts additional portions are required.
Subdivision (e) replaces former rule 6.15. Subdivision (e)(1) governs if an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective on the notice being filed. This rule is intended to eliminate practical difficulties that on occasion have frustrated the cause of justice, as in cases in which a defendant’s attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with section 903.132, Florida Statutes (Supp. 1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply if the judgment is based on a guilty plea because no right to appeal such a conviction is recognized by these rules.
Subdivision (e)(2) governs if the state takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The “good cause” standard was adopted to ensure that bond be required only in rare circumstances. The advisory committee was of the view that because the state generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially if a pre-trial appeal is involved. “Good cause” therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against the defendant.
Subdivision (e)(3) retains the substance of former rules 6.15(b) and (c). The lower tribunal’s order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla.1956).
Subdivision (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for exces-siveness.
*909 Subdivision (f) interacts with rule 9.110(h) to allow review of multiple judgments and sentences in 1 proceeding.
Subdivision (g) sets forth the procedure to be followed if there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing under rule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to supreme court jurisdiction to review non-final orders that would have been appeal-able if they had been final orders are obsolete because jurisdiction to review those orders no longer reposes in the supreme court.
1984 Amendment. Subdivision (b)(4) was added to give effect to the administrative order entered by the supreme court on May 6, 1981 (6 Fla. L. Weekly 336), which recognized that the procedures set forth in the rules for criminal appeals were inappropriate for capital cases.
1992 Amendment. Subdivision (b)(3) was amended to provide that, in cases in which public funds would be used to prepare the record on appeal, the attorney of record would not be allowed to withdraw until substitute counsel has been obtained or appointed.
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.
1996 Amendment. The 1996 amendments are intended to consolidate and clarify the rules to reflect current law unless otherwise specified.
Rule 9.140(b)(2)(B) was added to accurately reflect the limited right of direct appeal after a plea of guilty or nolo conten-dere. See Robinson v. State, 373 So.2d 898 (Fla.1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
New subdivision (b)(4) reflects Lopez v. State, 638 So.2d 931 (Fla.1994). A defendant may cross-appeal as provided, but if the defendant chooses not to do so, the defendant retains the right to raise any properly preserved issue on plenary appeal. It is the committee’s intention that the 10-day period for filing notice of the cross-appeal should be interpreted in the same manner as in civil cases under rule 9.110(g).
Rule 9.140(b)(6)(E) adopts Florida Rule of Criminal Procedure 3.851(b)(2) and is intended to supersede that rule. See Fla. R. Jud. Admin. 2.135. The rule also makes clear that the time periods in rule 9.140(j) do not apply to death penalty cases.
The revised rules 9.140(e)(2)(D) and 9.140(e)(2)(E) are intended to supersede Brown v. State, 639 So.2d 634 (Fla. 5th DCA 1994), and allow non-indigent defendants represented by counsel, and the state, to order just the original transcript from the court reporter and to make copies. However, the original and copies for all other parties must then be served on the clerk of the lower tribunal for inclusion *910 in the record. The revised rule 9.140(e)(2)(F) also allows chief judges for each circuit to promulgate an administrative order requiring the lower tribunal clerk’s office to make copies of the transcript when the defendant is indigent. In the absence of such an administrative order, the court reporter will furnish an original and copies for all parties in indigent appeals.
Rule 9.140(j)(3) imposes a two-year time limit on proceedings to obtain delayed appellate review based on either the ineffectiveness of counsel on a prior appeal or the failure to timely initiate an appeal by appointed counsel. The former was previously applied for by a petition for writ of habeas corpus in the appellate court and the latter by motion pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court. Because both of these remedies did not require a filing fee, it is contemplated that no fee will be required for the filing of petitions under this rule. Subdivision (j)(3)(B) allows two years “after the conviction becomes final.” For purposes of the subdivision a conviction becomes final after issuance of the mandate or other final process of the highest court to which direct review is taken, including review in the Florida Supreme Court and United States Supreme Court. Any collateral review shall not stay the time period under this subdivision. Subdivision Cj)(3)(C) under this rule makes clear that defendants who were convicted before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule unless the time has already commenced to run under rule 3.850.
Rule 9.140(j)(5) was added to provide a uniform procedure for requesting belated appeal and to supersede State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). This decision resulted in there being two procedures for requesting belated appeal: Florida Rule of Criminal Procedure 3.850 when the criminal appeal was frustrated by ineffective assistance of trial counsel, id.; and habeas corpus for everything else. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). Experience showed that filing in the appellate court was more efficient. This rule is intended to reinstate the procedure as it existed prior to State v. District Court of Appeal, First District. See Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); State v. Meyer, 430 So.2d 440 (Fla.1983).
In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation.
2000 Amendment. Subdivision (b)(1)(B) was added to reflect the holding of State v. Schultz, 720 So.2d 247 (Fla.1998). The amendment to renumber subdivision (b)(1)(D), regarding appeals from orders denying relief under Florida Rules of Criminal Procedure 3.800(a) or 3.850, reflects current practice.
The committee added language to subdivision (b)(6)(B) to require court reporters to file transcripts on computer disks in death penalty cases. Death penalty transcripts typically are lengthy, and many persons review and use them over the years. In these cases, filing lengthy transcripts on computer disks makes them easier to use for all parties and increases their longevity.
The committee deleted the last sentence of subdivision (b)(6)(E) because its substance is now included in rule 9.141(a). The committee also amended and transferred subdivisions (i) and (j) to rule 9.141 for the reasons specified in the committee note for that rule.
*911 Court Commentary
1996. Rule 9.140 was substantially rewritten so as to harmonize with the Criminal Appeal Reform Act of 1996 (CS/HB 211). The reference to unlawful sentences in rule 9.140(b)(1)(D) and (c)(l)(J) means those sentences not meeting the definition of illegal under Davis v. State, 661 So.2d 1193 (Fla.1995), but, nevertheless, subject to correction on direct appeal.
RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS’ COMPENSATION CASES
(a) Applicability. Appellate review of proceedings in workers’ compensation cases shall be as in civil cases except as specifically modified in this rule.
(b) Jurisdiction.
(1) Appeal. The First District Court of Appeal (the court) shall review by appeal any final order, as well as any nonfi-nal order of a lower tribunal that adjudicates
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that claimant is entitled to receive causally related benefits in some amount, and provided further that the lower tribunal certifies in the order that determination of the exact nature and amount of benefits due to claimant will require substantial expense and time.
(2) Commencement. Jurisdiction of the court shall be invoked by filing two copies of a notice of appeal with the lower tribunal, accompanied by the fifing fee prescribed by law unless a verified petition for relief from payment of the fee has been filed with the lower tribunal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition.
(3) Notice of Appeal. The notice shall be substantially in the form prescribed by rule 9.900(a), and shall contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which shall be substantially in the following form:
I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for .(TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits). from .(date). to .(date).
2. Medical benefits.
3. Rehabilitation.
4. Reimbursement from the
SDTF for benefits paid from .(date).to.(date).
5. Contribution for benefits paid from (date) to .(date).
(4) Notice to Division and General Counsel. The judge of compensation claims shall send a copy of the notice and a certified copy of the order to the Division of Workers’ Compensation and to the general counsel for the Department of Labor and Employment Security.
(c) Jurisdiction of Lower Tribunal.
(1) Substantive Issues. The lower tribunal retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
(2) Settlement. At any time before the record on appeal is filed with the court, the lower tribunal shall have the authority to approve settlements or correct clerical errors in the order appealed.
*912 (3) Relinquishment of Jurisdiction by Court to Consider Settlement. If, after the record on appeal is filed, settlement is reached, the parties shall file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for any necessary approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the division has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.
(A) Notice. On or before the date specified in the order relinquishing jurisdiction, the parties shall file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement.
(B) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs, including any costs incurred by the division for insolvent appellants.
(d) Benefits Affected. Benefits specifically referenced in the notice of appeal may be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(1) Abandonment. If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant’s or cross-appellant’s initial brief, the challenge to such benefits shall be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the court upon motion shall make that determination.
(2) Payments of Benefits When Challenged Benefits Are Abandoned. When benefits challenged on appeal have been abandoned under subdivision (d)(1) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as required under section 440.20, Florida Statutes, from the date of the order of the lower tribunal making the award.
(3)Payment of Benefits After Appeal. If benefits are ordered paid by the court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court’s mandate. If the order of the court is appealed to the supreme court, benefits determined due by the court may be stayed in accordance with rule 9.310. Benefits ordered paid by the supreme court shall be paid within 30 days of the court’s mandate.
(e) Intervention by Division.
(1) Distñct Court. Within 30 days from a notice or petition invoking the jurisdiction of the court the division may intervene by filing a notice of intervention as a party appellani/petitioner or appellee/re-spondent with the court and take positions on any relevant matters.
(2) Supreme Court. If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent papers to the division.
(3) Division Not a Party Until Notice to Intervene Is Filed. Until the notice of intervention is filed, the division shall not be considered a party.
(f) Record Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, depositions or exhibits admitted into evidence, transcripts of any hearings before the lower tribunal and the order ap *913 pealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.
(2) Proffered Evidence. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(3) Certification and Transmittal. The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.
(4) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the lower tribunal shall certify as the record on appeal.
(5) Costs.
(A) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record. The lower tribunal also shall notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125 of the Rules of Workers’ Compensation Procedure.
(B) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.
(C) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal shall notify the court, which may dismiss the appeal.
(D) State Agencies: Waiver of Costs. Any self-insured state agency or branch of state government, including the Division of Workers’ Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.
(E)Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the division is obligated to pay the costs of the appeal due to appellant’s indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall promptly notify the court if costs are not deposited as required.

(6)Preparation of Record.

(A) Selection of Reporter by Lower Tribunal. The lower tribunal shall supervise the preparation of the record. The lower tribunal or chief judge of compensation claims shall select the reporter or transcriber to prepare the record. The judge who makes the selection shall give the parties notice of the selection.
(B) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge who made the selection within 10 days after receiving notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(C) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal or chief judge of compensation claims shall transcribe, certify, and deliver all necessary copies of the record to the lower tribunal as required under these rules. The record shall be delivered *914 in sufficient time for the lower tribunal to review the record and send it to the court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the lower tribunal.
(D) Certification and Transmittal by Lower Tribunal. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court.
(E) Copies. The lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties.
(7) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(8) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g) Relief From Filing Fee and Costs: Indigency.
(1) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.
(2) Filing Fee.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the lower tribunal.
(B) Time. The verified petition or motion of indigency must be filed with the lower tribunal together with the notice of appeal.
(C) Verified Petition: Contents. The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indi-gency and appellant’s inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:
(i) If the appellant is unrepresented by counsel, a financial affidavit; or
(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant’s financial condition and finds appellant indigent; and (b) the nature of appellant’s position and believes it to be meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employ er/carrier if such entitlement is determined by the court.
(D) Service. Appellant shall serve a copy of the verified petition or motion of indigency, including appellant’s financial affidavit or counsel’s certificate, whichever is applicable, on all interested parties, including the Division, general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(E) Order or Certificate of Indigen-cy. The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely *915 review is sought by motion filed with the court.
(3) Costs of Preparation of Record.
(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) in a form substantially the same as form 4.9125 of the Rules of Workers’ Compensation Procedure.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the division, the office of general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(F) Hearing on Petition to Be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid *916 the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.
(h) Briefs and Motions Directed to Briefs.
(1) Briefs: Final Order Appeals. Within 30 days after the lower tribunal certifies the record to the court, the appellant shall file an original and 3 copies of the initial brief with the court. A copy shall be served on the appellee. Additional briefs shall be served as prescribed by rule 9.210.
(2) Briefs: Non-final Appeals. Appellant’s initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(3) Motions to Strike. Motions to strike a brief or portions of a brief will not be entertained by the court. However, a party, in its own brief, may call to the court’s attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court’s attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(i) Attorneys’ Fees and Appellate Costs.
(1) Costs. Appellate costs shall be taxed as provided by law. Taxable costs shall include those items listed in rule 9.400 and costs for a transcript included in an appendix as part of an appeal of a nonfinal order..
(2) Attorneys’ Fees. A motion for attorneys’ fees shall be served in accordance with rule 9.400(b).
(3) Entitlement and Amount of Fees and Costs. If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
(4) Review. Review shall be in accordance with rule 9.400(c).
Committee Notes
1996 Adoption. Rule 9.180 is intended to supersede rules 4.160, 4.161, 4.165, 4.166, 4.170, 4.180, 4.190, 4.220, 4.225, 4.230, 4.240, 4.250, 4.260, 4.265, 4.270, and 4.280 of the Rules of Workers’ Compensation Procedure. In consolidating those rules into one rule and incorporating them into the Rules of Appellate Procedure, du-plicative rules have been eliminated. The change was not intended to change the general nature of workers’ compensation appeals. It is contemplated there still may be multiple “final orders.” See 1980 Committee Note, Fla. R. Work. Comp. P. 4.160.
The orders listed in rules 9.180(b)(1)(A), (B), and (C) are the only nonfinal orders appealable before entry of a final order in workers’ compensation cases.
Rule 9.180(b)(2) now limits the place for filing the notice of appeal to the lower tribunal that entered the order and not any judge of compensation claims as the former rule provided.
Rule 9.180(f)(6)(E) provides that the lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties. It is contemplated that the lower tribunal can accomplish that in whatever manner the lower tribunal deems most convenient for itself, such as, having copies available that counsel or the parties may pick up.
*917 RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) Applicability. Judicial review of administrative action shall be governed by the general rules of appellate procedure except as specifically modified herein.
(b) Commencement.
(1) An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).
(3) Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.
(c) The Record.
(1) Generally. As further described in this rule, the record shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.
(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A)In an appeal from any proceeding conducted pursuant to section 120.56 (rule challenges) or sections 120.569 (decisions which affect substantial interests) and 120.57(1), Florida Statutes (decisions which affect substantial interests involving disputed material facts), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.
(B) In an appeal from any proceeding pursuant to sections 120.569 (decisions which affect substantial interests) and 120.57(2), Florida Statutes (decisions which affect substantial interests involving no disputed issue of material fact), the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.
(C) In an appeal from any proceeding pursuant to section 120.565, Florida Statutes (declaratory statements), the record shall consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Weekly; the declaratory statement issued by the agency or the agency’s denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.
(D) In an appeal from any proceeding pursuant to section 120.574, Florida Statutes (summary proceeding), the record *918 shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.
(E) In an appeal from a rule adoption pursuant to sections 120.54 (rule adoption) and 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency’s rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 (rule adoption) and 120.541, Florida Statutes (statement of estimated regulatory costs); all notices and findings made pursuant to section 120.54(4), Florida Statutes (adoption of emergency rules); all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.
(3)Review of Non-Final Action Pursuant to the Administrative Procedure Act. The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action.
(4) Review of Administrative Action Not Subject to the Administrative Procedure Act. In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be required to prepare a record or record index. The petitioner or appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.
(5) Videotaped Testimony. In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape shall be transcribed and the transcript shall be made a part of the record before the record is transmitted to the court.
(6) Modified Record. The contents of the record may be modified as provided in rule 9.200(a)(3).
(d) Attorneys’ Fees.
(1) Attorneys’ Fees. A motion for attorneys’ fees may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes. The assessment of attorneys’ fees may be remanded to the lower tribunal or the administrative law judge or referred to a special master.
(2) Review. Review of orders rendered under this rule shall be by motion filed in the court within 30 days of the order’s rendition. Review of objections to reports of special masters shall be on motion filed in the court within 30 days of the report’s filing.
(e) Stays Pending Review.
*919 (1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule 9.310(b)(2) or wfaerewhen timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2) Application for Stay Under the Administrative Procedure Act.
(A) A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has béen filed. The filing of the motion shall not operate as a stay. The lower tribunal or court may grant a stay upon appropriate terms. Review of orders entered by lower tribunals shall be by the court on motion.
(B) When an agency has ordered emergency suspension, restriction, or limitation of a license under section 120.60(6), Florida Statutes, a licensee may file with the reviewing court a motion for stay on an expedited basis. The court may issue an order to show cause and, after considering the agency’s response, if timely filed, grant a stay on appropriate terms.
(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the reviewing court a motion for stay on an expedited basis. Unless the agency files with the court within 10 days thereafter or within a shorter time period set by the court a response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall issue a stay.
(D) When an order suspending or revoking a license has been stayed pursuant to subdivision (2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would constitute a probable danger to the public health, safety, or welfare of the state.
(3) Application for Stay or Superse-deas of Other Administrative Action. A party seeking to stay administrative action, not governed by the Administrative Procedure Act, shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such jurisdiction or to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Review of orders entered by lower tribunals shall be by the court on motion.
(4) Dtcration. A stay entered by a lower tribunal or a court shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, unless otherwise modified or vacated.
Committee Notes
1996 Amendment. Appeals which fall within the exception included in subdivision (b)(3) are commenced in accordance with subdivision (b)(1). Therefore, administrative action by appeal in a circuit court, if prescribed by general law, is commenced pursuant to subdivision (b)(1). Unless review of administrative action in circuit court is prescribed by general law to be by appeal, review in circuit court is by petition for an extraordinary writ commenced pursuant to subdivision (b)(3). See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995). Subdivision (b)(3) supersedes all local government charters, ordinances, rules and regulations which purport to *920 provide a method of review in conflict herewith.
Subdivision (c) was adopted to identify more clearly what constitutes the record in appeals from administrative proceedings. Several sections of the Florida Administrative Procedure Act, as revised in 1996, specifically state what shall constitute the record in certain types of proceedings, and this rule incorporates that statutory language. The rule makes clear that the record shall include only materials that were furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed. The intent of this statement is to avoid the inclusion of extraneous materials in the record that were never reviewed by the lower tribunal.
Subdivision (c)(2)(A) is based on provisions of section 120.57(l)(f), Florida Statutes. This subdivision of the rule governs the record from proceedings conducted pursuant to section 120.56 and sections 120.569 and 120.57(1), Florida Statutes. This is because section 120.56(l)(e), Florida Statutes, states that hearings under section 120.56, Florida Statutes, shall be conducted in the same manner as provided by sections 120.569 and 120.57, Florida Statutes.
Subdivision (c)(2)(B) lists the provisions of section 120.57(2)(b), Florida Statutes. Subdivision (e)(2)(B)(vii), which refers to “any decision, opinion, order, or report by the presiding officer,” was added by the committee to the list of statutory requirements.
Subdivision (c)(2)(C) addresses the record on appeal from declaratory statement requests pursuant to section 120.565, while subdivision (c)(2)(D) lists the provisions of section 120.574(2)(d), Florida Statutes. Subdivision (c)(2)(E) of the rule addresses proceedings governed by sections 120.54 and 120.68(9), Florida Statutes. The definition of the rulemaking record tracks language in section 120.54(8), Florida Statutes.
Subdivision (c)(3) makes clear that rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action, while subdivision (c)(4) governs the record in administrative proceedings not subject to the Administrative Procedure Act.
Subdivision (c)(5) states that if videotape is used to preserve hearing testimony, the videotape shall be transcribed before the record is transmitted to the court.
Subdivision (d) was adopted to conform to the 1996 revisions to the Administrative Procedure Act. Recoupment of costs is still governed by rule 9.400.
2000 Amendment. Subdivision (e) was added to address stays pending judicial review of administrative action. Ordinarily, application for a stay must first be made to the lower tribunal, but some agencies have collegial heads who meet only occasionally. If a party can show good cause for applying initially to the court for a stay, it may do so. When an appeal has been taken from a license suspension or revocation under the Administrative Procedure Act, good cause for not applying first to the lower tribunal is presumed.
Subdivision (e)(2)(B) deals with stays of orders which suspend licenses on an emergency basis. Before entering an emergency suspension order, the agency must make a finding that immediate suspension is necessary to protect the public health, safety, or welfare. § 120.60(6), Fla. Stat. (1999). In effect, the agency makes a finding that would be sufficient to defeat issuance of the “stay as a matter of right” contemplated by section 120.68(3), Florida Statutes. The agency’s finding is subject to judicial review, however, on application for a stay under subdivision (e)(2)(B).
*921 Absent an emergency suspension order, the court grants a stay as of right in Administrative Procedure Act license suspension and revocation cases unless the licensing agency makes a timely showing that a stay “would constitute a probable danger to the health, safety, or welfare of the state.” § 120.68(3), Fla. Stat. (1999). The court can shorten the 10 day period specified in subdivision (e)(2)(c). If the court stays a nonemergency suspension or revocation, the licensing agency can move to modify or dissolve the stay on the basis of material information that comes to light after the stay is issued.
Nothing in subdivision (e) precludes licensing agencies from making suspension or revocation orders effective 30 days after entry, granting stays pending judicial review, or taking other steps to implement section 120.68(3), Florida Statutes.
RULE 9.330. REHEARING; CLARIFICATION; CERTIFICATION
(a) Time for Filing; Contents; Response. A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A motion for clarification shall state with particularity the points of law or fact in the court’s decision that, in the opinion of the movant, are in need of clarification. A response may be served within 10 days of service of the motion. When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for supreme court review, the motion may include a request that the court issue a written opinion. If such a request is made by an attorney, it shall include the following statement:
I express a belief, based upon a reasoned and studied professional judgment, that a written opinion will provide a legitimate basis for supreme court review because (state with specificity the reasons why the supreme court would be likely to grant review if an opinion were written).
[[Image here]]
(b) Limitation. A party shall not file more than 1 motion for rehearing or for clarification of decision and 1 motion for certification with respect to a particular decision.
(c) Exception; Bond Validation Proceedings. A motion for rehearing or for clarification of a decision in proceedings for the validation of bonds or certificates of indebtedness as provided by rule 9.030(a)(l)(B)(ii) may be filed within 10 days of an order or within such other time set by the court. A reply may be served within 5 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.
(d) Exception; Review under Rule 9.12Q of District Court Decisions. No motion for rehearing or for clarification may be filed in the supreme court addressed to the grant or denial of a request for the court to exercise its discretion to *922 review a decision described in rule 9.120, or addressed to the dismissal of a petition for an extraordinary writ described in rule 9.100(a) when such writ is used to seek review of a district court decision without opinion.
Committee Notes
1977 Amendment. This rule replaces former rule 3.14. Rehearing now must be sought by motion, not by petition. The motion must be filed within 15 days of rendition and a response may be served within 10 days of service of the motion. Only 1 motion will be accepted by the clerk. Re-argument of the issues involved in the case is prohibited.
Subdivision (c) provides expedited procedures for issuing a mandate in bond validation cases, in lieu of those prescribed by rule 9.340.
Subdivision (d) makes clear that motions for rehearing or for clarification are not permitted as to any decision of the supreme court granting or denying discretionary review under rule 9.120.
2000 Amendment. The amendment has a dual purpose. By omitting the sentence “The motion shall not re-argue the merits of the court’s order,” the amendment is intended to clarify the permissible scope of motions for rehearing and clarification. Nevertheless, the essential purpose of a motion for rehearing remains the same. It should be utilized to bring to the attention of the court points of law or fact that it has overlooked or misapprehended in its decision, not to express mere disagreement with its resolution of the issues on appeal. The amendment also codifies the decisional law’s prohibition against issues in post-decision motions that have not previously been raised in the proceeding.
2002 Amendment. The addition of the language at the end of subdivision (a) allows a party to request the court to issue a written opinion that would allow review to the supreme court, if the initial decision is issued without opinion. This language is not intended to restrict the ability of parties to seek rehearing or clarification of such decisions on other grounds.
RULE 9.370. AMICUS CURIAE
An amicus curiae may file-and-serve a brief in any proceeding with written consent of aHqparties-or by order-or-request of the- court. — A^-moi-ion to file a brief as amicus curiae shall-^state the reason for the request-and-the' party or interest-on whose behalf the — brief-is to be filed. — Unless stipulated-by -the parties or-otherwise ordered by the court-an amicus curiae brief shall be served'within the time-prescribed for briefs of the party whose position is supported.
(a) When Permitted. An amicus curiae may file a brief only by leave of court or by consent of all parties. A motion for leave to file must state the movant’s interest, the particular issue to be addressed, and how the movant can assist the court in the disposition of the case.
(b) Contents and Form. An amicus brief must comply with Rule 9.210(b) but shall omit a statement of the case and facts and may not exceed 20 pages. The cover must identify the party or parties supported and state whether the brief is filed by leave of court or by consent of all parties. An amicus brief must include a concise statement of the identity of the amicus curiae and its interest in the case.
(c) Time for Filing. An amicus curiae must serve its brief no later than 5 days after the first brief of the party being supported is served. An amicus curiae that does not support either party must serve its brief no later than 5 days after the initial brief or petition is filed. A court may grant leave for later service, specifying the time within which an opposing *923 party may respond. An amicus curiae may not file a reply brief.
Committee Note
1977 Amendment. This rule replaces former rule 3.7(k) and expands the circumstances in which amicus curiae briefs may be filed to recognize the power of the court to request amicus curiae briefs.
RULE 9.440. ATTORNEYS
(a) Foreign Attorneys. Attorneys who are An attorney who is an active members in good standing of the bar of another jurisdiction state may be permitted to appear in a proceeding if a motion' to- appear has-been -granted upon compliance with Florida Rule of Judicial Administration 2.061.
(b) Withdrawal of Attorneys. An attorney of record mayshall not be permitted to withdraw by order ofunless the withdrawal is approved by the court. The attorney shall file a motion to withdraw,for that purpose stating the reasons therefor for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties.
Committee Notes
1977 Amendment. This rule replaces former rule 2.3 with unnecessary subdivisions deleted. The deletion of former rule 2.3(c) was not intended to authorize the practice of law by research aides or secretaries to any justice or judge or otherwise approve actions inconsistent with the high standards of ethical conduct expected of such persons.
Subdivision (a) permits foreign attorneys to appear on motion filed and granted at any time. See Fla. Bar Integr. Rule ByLaws, art. II, § 2. There is no requirement that the foreign attorney be from a jurisdiction giving a reciprocal right to members of The Florida Bar. This rule leaves disposition of motions to appear to the discretion of the court.
Subdivision (b) is intended to protect the rights of parties and attorneys, and the needs of the judicial system.
This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.
2002 Amendment. The amendments to subdivision (a) are intended to make that subdivision consistent with Florida Rule of Judicial Administration 2.061, which was adopted in 2001, and the amendments to subdivision (b) are intended to make that subdivision consistent with Florida Rule of Judicial Administration 2.060(i).
RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court.
(1) 1846-1886: Livingston v. L’Engle, 22 Fla. 427 (1886).
(2) Fenelon v. State, 594 So.2d 292 (Fla.1992).
(3) For recent opinions not yet published in the Southern Reporter, cite to Florida Law Weekly: Traylor v. State, 596 So.2d 957 (Fla.1992). If not therein, cite to the slip opinion: Traylor v. State, 596 So.2d 957 (Fla.1992).
(b) Florida District Courts of Appeal.
(1) Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988).
(2) For recent opinions not yet published in Southern Reporter, cite to Florida Law Weekly: Myers v. State, 579 So.2d *924 924 (Fla. 4th DCA 1991). If not therein, cite to the slip opinion: Myers v. State, 579 So.2d 924 (Fla. 4th DCA 1991).
(c) Florida Circuit Courts and County Courts.
(1) Whidden v. Francis, 27 Fla. Supp. 80 (Fla. 11th Cir.Ct.1966).
(2) State v. Alvarez, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct.1975).
(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly: State v. Campeau, 16 Fla. L. Weekly C65 (Fla. 9th Cir.Ct. Nov. 7,1990). If not therein, cite to the slip opinion: State v. Campeau, No. 90-4363 (Fla. 9th Cir.Ct. Nov. 7,1990).
(d) Florida Administrative Agencies. (Cite if not in Southern Reporter.)
(1) For decisions of the Public Employees Relations Commission: Indian River Educ. Ass’n v. School Bd., 4 F.P.E.R. ¶ 4262 (1978).
(2) For decisions of the Florida Public Service Commission: In re Application of Tampa Elec. Co., 81 F.P.S.C. 2:120 (1981).
(3) For decisions of all other agencies: Insurance Co. v. Department of Ins., 2 F.A.L.R. 648-A (Fla. Dept. of Insurance 1980).
(e) Florida Constitution. (Year of adoption should be given if necessary to avoid confusion.)
Art. V, § 3(b)(3), Fla. Const.
(f) Florida Statutes (Official).
§ 350.34, Fla. Stat. (1973).
§ 120.53, Fla. Stat. (Supp.1974).
(g) Florida Statutes Annotated. (To be used only for court-adopted rules, or references to other nonstatutory materials that do not appear in an official publication.)
32 Fla. Stat. Ann. 116 (Supp.1975).
(h) Florida Laws. (Cite if not in Fla. Stat. or if desired for clarity or adoption reference.)
(1) After 1956: Ch. 74-177, § 5, at 473, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943).
(i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.035.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10.010.
Fla. R. Arb. 11.010.
Fla. Fam. L.R.P. 12.010.
Fla. Admin. Code R. 8H-3.02.
Fla.Code Jud. Conduct, Canon 5B.
Fla. Bar Code Prof. Resp. D.R. 1-101(A).
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.18(b).
Fla. Bar Found. Charter, art. 3.4.
Fla. Bar Integr. R., art. XI, rule 11.09. Fla. Bd. Bar Exam. R. III.
Fla. Jud. Qual. Comm’n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) 2.03.
Fla. Std. Jury Instr. (Crim.) Robbery. Fla. Stds. Imposing Law. Sanes. 9.3.
Fla. Stds. Imposing Law. Sanes. (Drug Cases) 3.
*925 Fla. Bar Admiss. R., art. III 3-23.1.
(j) Florida Attorney General Opinions.
Op. Att’y Gen. Fla. 73-178 (1973).
(k) United States Supreme Court.
Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). (Cite to United States Reports, if published therein; otherwise cite to Supreme Court Reporter, Lawyer’s Edition, or United States Law Week, in that order of preference. For opinions not pubhshed in these reporters, cite to Florida Law Weekly Federal: California v. Hodari D., 13 Fla. L. Weekly Fed. S249 (U.S. Apr. 23, 1991)).
(Z) Federal Courts of Appeals.
Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).
For opinions not pubhshed in the Federal Reporter, cite to Florida Law Weekly Federal: Cunningham v. Zant, 13 Fla. L. Weekly Fed. C591 (11th Cir. March 27, 1991).
(m) Federal District Courts.
Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla.1971).
For opinions not pubhshed in the Federal Supplement, cite to Florida Law Weekly Federal: Wasko v. Dugger, 13 Fla. L. Weekly Fed. D183 (S.D.Fla. Apr. 2, 1991).
(n) Other Citations. When referring to specific material within a Florida court’s opinion, pinpoint citation to the page of the Southern Reporter where that material occurs is optional, although preferred. All other citations shah be in the form prescribed by the latest edition of The Blue-book: A Uniform System of Citation, The Harvard Law Review Association, Gannett House, Cambridge, MassvMA 02138. Citations not covered in this rule or in The Bluebook shall be in the form prescribed by the Florida Style Manual pubhshed by the Florida State University Law Review, Tallahassee, FlaFL 32306.
(o) Case Names. Case names shah be underscored (or italicized) in text and in footnotes.
Committee Notes
1977 Adoption. This rule is new and is included to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
1992 Amendment. Rule 9.800 was updated to reflect changes in the available reporters. Additionally, the citations to new rules have been added and citations to rules no longer in use have been deleted.